IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Pinek IP LLC**, | Case No. _____ |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Lutron Electronics Co., Inc.**, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, **Pinek IP LLC** ("Pinek"), through its attorney, Kenneth Matuszewski, complains of **Lutron Electronics Co., Inc.** ("Lutron") and alleges the following:

**PARTIES**

1. Plaintiff Pinek IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6205 Coit Road Suite 300-1015, Plano, TX 75024.

2. Defendant Lutron is a company organized under the laws of Pennsylvania that maintains its principal place of business at 7200 Suter Road, Coopersburg, Pennsylvania 18036.

**JURISDICTION**

3. This is an action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Lutron because it has engaged in systematic and continuous business activities in the Northern District of Illinois. Specifically, Lutron has an office at 11 East Adams Street, Suite 1000, Chicago, Illinois 60603 and provides its full range of services to residents in this District. As described below, Lutron has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Lutron has committed acts of patent infringement in this District, and Lutron has an office at 11 East Adams Street, Suite 1000, Chicago, Illinois 60603. In addition, Pinek has suffered harm in this District.

### PATENT-IN-SUIT

7. Pinek is the assignee of all right, title and interest in United States Patent No. 7,233,256 (the "'256 Patent," or the "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Pinek possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Lutron.

**The '256 Patent**

8. On June 19, 2007, the United States Patent and Trademark Office issued the '256 Patent. The '256 Patent is titled "A System and Method for Receiving a Signal to Trigger a Pyroelectric Activation System." The application leading to the '256 Patent was filed on January 6, 2005 and is a National Stage Entry of PCT/DE02/04262, which was filed on November 19, 2002. A true and correct copy of the '256 Patent is attached

hereto as Exhibit A.

9. The '256 Patent is valid and enforceable.

10. The invention claimed in the '256 Patent relates to an activation system, a remotely triggerable circuit system containing this system, and to respective operating methods. Ex. A at 1:1-3. It also provides a possibility for activation of electronic circuits, which are signal-sensitive and not susceptible to interference signals. *Id.* at 1:50-53.

<u>COUNT I: INFRINGEMENT OF THE '256 PATENT</u>

11. Pinek incorporates the above paragraphs herein by reference.

12. **Direct Infringement.** Lutron has been and continues to directly infringe one or more claims of the '256 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Lutron Radio Powr Savr Occupancy/Vacancy Sensor ("Exemplary Lutron Products") that infringes at least exemplary claim 1 of the '256 Patent (the "Exemplary '256 Patent Claim") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the Patent-in-Suit have been made, used, sold, imported, and offered for sale by Lutron and/or its customers.

13. **Induced Infringement.** Lutron actively, knowingly, and intentionally has been and continues to induce infringement of the '256 Patent, literally or by the doctrine of equivalence, by selling Exemplary Lutron Products to their customers for use in end-user products in a manner that infringes one or more claims of the '256 Patent.

14. **Contributory Infringement.** Lutron actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '256 Patent, literally or by the doctrine of equivalence, by selling

Exemplary Lutron Products to their customers for use in end-user products in a manner that infringes one or more claims of the '256 Patent.

15. The filing of this Complaint constitutes notice in accordance with 35 U.S.C. § 287.

16. Despite such notice, Lutron continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '256 Patent. On information and belief, Lutron has also continued to sell the Exemplary Lutron Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '256 Patent. Thus, on information and belief, Lutron is contributing to and/or inducing the infringement of the '256 Patent.

17. Exhibit B includes charts comparing the Exemplary '256 Patent Claim to the Lutron Radio Powr Savr Occupancy/Vacancy Sensor. As set forth in these charts, this Exemplary Lutron Product practices the technology claimed by the '256 Patent. Accordingly, the Exemplary Lutron Products incorporated in these charts satisfy all elements of the Exemplary '256 Patent Claim.

18. Pinek therefore incorporates by reference in its allegations herein the claim charts of Exhibit B.

19. Pinek is entitled to recover damages adequate to compensate for Lutron's infringement.

**JURY DEMAND**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Pinek respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Pinek respectfully requests the following relief:

A. A judgment that the '256 Patent is valid and enforceable.

B. A judgment that Lutron has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '256 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Pinek all appropriate damages under 35 U.S.C. § 284 for Lutron's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Pinek for Lutron's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Pinek be awarded its reasonable attorneys' fees against Lutron that it incurs in prosecuting this action;

   ii. that Pinek be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Pinek be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: March 1, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Isaac Rabicoff

　　　　　　　　　　　　　　　　　　Isaac Rabicoff
　　　　　　　　　　　　　　　　　　Kenneth Matuszewski
　　　　　　　　　　　　　　　　　　RABICOFF LAW LLC
　　　　　　　　　　　　　　　　　　73 W Monroe St

Chicago, IL 60603
773-669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

***Attorneys for Plaintiff
Pinek IP LLC***